

1   M. KIRBY C. WILCOX (SB# 078576)
    kirbywilcox@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
4   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
5

6   GEORGE W. ABELE (SB# 149846)
    georgeabele@paulhastings.com
7   JENNIFER S. BALDOCCHI (SB# 168945)
    jenniferbaldocchi@paulhastings.com
8   CAROLINE L. ELKIN (SB# 209156)
    carolineelkin@paulhastings.com
9   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
10  Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
11  Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
12
    Attorneys for Defendant
13  UNITED PARCEL SERVICE, INC.

**FILED**

SEP 5  2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BY FAX

14              UNITED STATES DISTRICT COURT

15              SOUTHERN DISTRICT OF CALIFORNIA

16

17  STEVE MORRISON,                 Case No. 08 CV 1627 JM WMc

18              Plaintiff,          (Superior Court of California for the
                                    County of San Diego Case No. 37-2008-
19       vs.                        00088895-CU-OE-CTL)

20  UNITED PARCEL SERVICE, INC.,
    and DOES 1 through 25, inclusive,
21                                  **DECLARATION OF JENNIFER S.**
            Defendants.             **BALDOCCHI IN SUPPORT OF**
22                                  **NOTICE OF REMOVAL**

23

24

25

26  ORIGINAL

27

28

LEGAL_US_W # 59876881.1

I, JENNIFER S. BALDOCCHI, declare and state as follows:

1.     I am an attorney licensed by the Bar of the State of California, and I am admitted to practice before this Court. I am of counsel with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), and I am one of the attorneys responsible for the defense of this action. I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.     On or about August 1, 2008, plaintiff Steve Morrison ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Diego entitled: "*Steve Morrison v. United Parcel Service, Inc., and Does 1 through 25, inclusive.*" A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

3.     UPS was served with the Complaint on August 7, 2008.

4.     UPS has been served with no other process, pleadings or orders.

5.     A true and correct copy of UPS' Answer, filed in the Superior Court for the State of California, County of San Diego on September 3, 2008, is attached hereto as Exhibit B.

6.     True and correct copies of UPS' Notice to Adverse Party of Removal and Notice to Superior Court of Removal to the United States District Court for the Central District of California, are attached hereto as Exhibits C and D, respectively. Proof of service of the Notice to Adverse Party of Removal and the

DECLARATION OF JENNIFER S. BALDOCCHI IN SUPPORT OF NOTICE OF REMOVAL

1  Notice to Superior Court of Removal to Federal Court will be filed with this Court

2  immediately after the Superior Court filing is accomplished.

3

4       7.     On August 6, 2008, Kirby C. Wilcox, counsel for UPS, sent by

5  facsimile and UPS Next Day Air, a letter to counsel for Plaintiff, in which

6  Mr. Wilcox asked Plaintiff's counsel to stipulate that the amount in controversy in

7  Plaintiff's suit is *not* more than $75,000.  A true and correct copy of this August 6,

8  2008 letter from Mr. Wilcox to counsel for Plaintiff is attached hereto as Exhibit E.

9

10       8.     Plaintiff's counsel, John A. Furutani, responded to Mr. Wilcox

11  on August 8, 2008, in a letter representing that the amount in controversy in each of

12  the individual overtime cases his firm has filed against UPS exceeds $75,000.  A

13  true and correct copy of Mr. Furutani's August 8, 2008 letter is attached hereto as

14  Exhibit F.

15

16       I declare under penalty of perjury under the laws of the State of

17  California and the United States of America that the foregoing is true and correct.

18

19       Executed this 5 day of September, 2008, at Los Angeles, California.

20

21                                   _Jennifer Baldocchi_

22                                   JENNIFER S. BALDOCCHI

23

24

25

26

27

28

DECLARATION OF JENNIFER S. BALDOCCHI IN SUPPORT OF NOTICE OF REMOVAL

**EXHIBIT A**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE INC. and DOES 1 through 25, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 AUG -1  P 1:21

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Steve Morrison

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* **37-2008-00088895-CU-OE-CTL** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John A. Furutani, Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200, Pasadena, CA 91105

| | | | |
|---|---|---|---|
| DATE: AUG 1 2008<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | IMELDA CALIMLIM | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1 | John A. Furutani [SBN #161757]
FURUTANI & PETERS, LLP
2 | 350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
3 | Telephone: (626) 844-2437
Facsimile: (626) 844-2442
4 | E-mail: JAFurutani@furutani-peters.com

5 | Mark C. Peters [SBN 160611]
DUCKWORTH · PETERS · LEBOWITZ LLP
6 | 235 Montgomery Street, Suite 1010
San Francisco, California 94104
7 | Telephone: (415) 433-0333
Facsimile: (415) 449-6556
8 | E-mail: mark@dplsf.com

9 | Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 AUG -1  P 1: 21

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN DIEGO
(Unlimited Jurisdiction)

| | |
|---|---|
| STEVE MORRISON, | Case No. **37-2008-00088895-CU-OE-CTL** |
|     Plaintiff, | COMPLAINT FOR: |
| v. | 1. Failure to Pay Overtime Compensation (Calif. Labor Code §§510, 1194 and 1198) |
| UNITED PARCEL SERVICE, INC. and DOES 1 through 25, inclusive, | 2. Failure to Provide Meal and Rest Breaks (Calif. Labor Code §§226.7 and 512) |
|     Defendants. | 3. Unfair Competition (Calif. Bus. & Prof. Code §17200 et seq.) |
| | **JURY TRIAL DEMANDED** |

Plaintiff Steve Morrison alleges as follows:

### GENERAL ALLEGATIONS

1.     Steve Morrison (hereinafter "Plaintiff") is a resident of Bishop, California.

2.     This Court is the proper court and this action is properly filed in the County of San Diego and in this judicial district because plaintiff performed his employment duties with defendants in San Diego, California.

- 1 -

COMPLAINT FOR DAMAGES

EXHIBIT A
PAGE 4

3.    Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, and therefore sues these defendants under each and every cause of action alleged in the complaint under these fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff will amend this Complaint to state their true names and capacities when ascertained and/or required by California law.

4.    At all times relevant herein, Plaintiff was a non-exempt employee of defendant United Parcel Service ("UPS") who has held various supervisor positions within the relevant time period until on or about August 2002.

5.    Plaintiff is informed and believes, and thereon alleges, that defendant UPS is a corporation, with corporate offices located in Los Angeles, California.

6.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto defendants were and are the agents of each other.

7.    At all times relevant herein, Plaintiff consistently worked in excess of forty (40) hours per week on a regular basis, worked more than eight (8) hours per day on a regular basis, and rarely received any meal or rest periods as required by California law. Plaintiff has not been compensated by defendants at any time for overtime worked.

8.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, have mis-classified Plaintiff as an exempt employee and that defendants further contend that Plaintiff was exempt from the requirements of Wage Order No. 9 of the Industrial Welfare Commission ("IWC"). However, Plaintiff contends he was not exempt pursuant to Wage Order No. 9 as plaintiff does not meet the criteria necessary to establish an executive, administrative or professional exemption, especially since Plaintiff was not allowed to regularly exercise

- 2 -

COMPLAINT FOR DAMAGES

1  discretion and independent judgment in the performance of his positions and was required to

2  abide by certain criteria and/or rules of performance which are mandated by defendants, and

3  each of them.

4      9.    Plaintiff is informed, believes and thereon alleges that each defendant is

5  responsible for Plaintiff's damages as alleged herein and each is jointly and severally liable with

6  all other defendants.

7      10.    Plaintiff is informed, believes and thereon alleges that each of the defendants

8  herein was, and at all times relevant to this action is, the agent, employee, representing partner,

9  supervisor, managing agent, or joint venturer of the remaining defendants and was acting within

10  the course and scope of that relationship.  Plaintiff is further informed, believes, and thereon

11  alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts

12  alleged herein of the remaining defendants.  Defendants are sued both in their own right and on

13  the basis of respondeat superior.

14      11.    Plaintiff is a former class member of the case entitled: *Michael Marlo v. UPS,*

15  Case No. CV03-4336 DDP currently pending before the United States District Court for the

16  Central District of California in Los Angeles.  Said action was recently de-certified as a class

17  action on May 19, 2008, and an Order by the District Court has continued to stay the statute of

18  limitations on claims stated therein.  Plaintiff's claim therefore has, and as of the date of the

19  filing of this complaint continues to be stayed.  The relevant time period for Plaintiff's claims

20  therefore commences May 6, 1999.

21                          **FIRST CAUSE OF ACTION**
                              Failure to Pay Overtime Compensation
22                        (Calif. Labor Code §§510, 515, 1194 and 1198)
                                  (Against all Defendants)
23

24      12.    Plaintiff incorporates by reference and realleges paragraphs 1 through 11,

25  inclusive, as though set forth fully herein.

26      13.    This action is brought under Labor Code §1194, which provides that any

27  employee receiving less than the legal overtime compensation applicable to the employee is

28

- 3 -
COMPLAINT FOR DAMAGES

EXHIBIT A
PAGE 6

1  entitled to recover in a civil action the unpaid balance of the full amount of this overtime

2  compensation, including interest thereon, reasonable attorney's fees, and costs of suit. This

3  action is also brought under Labor Code §515 and Section 3(A) of Wage Order 9, which requires

4  employers to pay employees one-and-one-half (1-1/2) times the regular hour rate for all those

5  hours worked in excess of forty (40) hours in one work week and/or in excess of eight (8) in one

6  work day, and two (2) times the regular rate of pay for hours worked in excess of twelve (12)

7  hours per day, unless such employees are exempt from the requirements of Wage Order 9.

8        14.    At all times relevant herein, Plaintiff was a non-exempt employee who did not

9  meet the test for any exemption applicable under California law.

10       15.    At all times relevant herein, defendants failed to compensate Plaintiff for overtime

11 hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-

12 time hours for hours worked in excess of twelve (12) hours per day, as required under California

13 law.

14       16.    As a result of defendants' conduct in requiring Plaintiff to work in excess of eight

15 (8) hours per work day and/or forty (40) in one work week without paying him one-and one-half

16 (1-1/2) times his regular hour rate (or double-time hours for hours worked in excess of twelve

17 (12) hours per day) Plaintiff has sustained damages in the amount of one-half (1/2) times or

18 double (2) times his regular hourly rate for all overtime hours worked together with interest and

19 attorneys' fees and costs of suit, which exceeds the minimum jurisdictional amounts of this

20 Court.

21                        **SECOND CAUSE OF ACTION**
                        Failure to Provide Meal and Rest Breaks
22                      (Calif. Labor Code §§226.7 and 512)
                              (Against All Defendants)
23

24       17.    Plaintiff incorporates by reference and realleges paragraphs 1 through 16,

25 inclusive, as though set forth fully herein.

26       18.    During the relevant time period, defendants routinely failed to provide Plaintiff

27 with meal and rest periods during his work shifts, and failed to compensate Plaintiff for said

28

- 4 -

COMPLAINT FOR DAMAGES

EXHIBIT A
PAGE 7

1  meal and rest periods, as required by California Labor Code sections 226.7, 512 and the other

2  applicable sections of California's employment laws and regulations.

3      19.    As alleged herein, Plaintiff was not exempt from the meal and rest period

4  requirements under California's employment laws and regulations.

5      20.    Plaintiff has been deprived of his rightfully earned compensation for meal and rest

6  periods as a direct and proximate result of Defendants' failure and refusal to pay said

7  compensation. Plaintiff is entitled to recover such amounts pursuant to California Labor Code

8  section 276.7(b), plus interest thereon, attorney's fees and costs.

9      21.    Defendants are and have been aware at all times that the failure to provide meal

10  and rest periods to plaintiff was a violation of the California Labor Code and consciously elected

11  not to remedy such violations. In so doing, defendants knowingly caused cruel and unjust

12  hardship to Plaintiff by depriving him of the health and safety benefits of meal and rest periods,

13  thereby resulting in oppression.

14      22.    In committing the foregoing acts, defendants were guilty of oppression, fraud or

15  malice, and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover

16  damages for the sake of example and by way of punishing defendants.

17                        **THIRD CAUSE OF ACTION**
                              Unfair Competition
18                    (Calif. Bus. & Prof. Code §17200 et seq.)
                          (Against All Defendants)
19

20      23.    Plaintiff incorporates by reference and realleges paragraphs 1 through 22,

21  inclusive, as though set forth fully herein.

22      24.    By violating the foregoing statutes and regulations, the acts of defendants

23  constitute unfair and unlawful business practices under Business and Professions Code §17200 et

24  seq.

25      25.    Defendants' violation of California's employment laws and regulations

26  constitutes a business practice because it was done repeatedly over a significant period of time

27  and in a systematic manner to the detriment of Plaintiff.

28

                              - 5 -
                        COMPLAINT FOR DAMAGES

EXHIBIT A
PAGE 8

26.    At all relevant times herein, Plaintiff has suffered damages and requests damages and/or restitution of all monies and profits to be disgorged from defendants in an amount according to proof at time of trial, but in excess of the minimum jurisdictional requirements of this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For costs of suit;

4.    For reasonable attorneys fees pursuant to California Labor Code §218.5 and all other applicable statutes;

5.    For interest at the maximum legal rate on all sums awarded; and

6.    For such other relief as the Court deems just and proper.

Date: July 29 , 2008                    FURUTANI & PETERS, LLP

                                        By: _____
                                            JOHN A. FURUTANI
                                            Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Date: July 29 , 2008                    FURUTANI & PETERS, LLP

                                        By: _____
                                            JOHN A. FURUTANI
                                            Attorneys for Plaintiff

- 6 -

COMPLAINT FOR DAMAGES

EXHIBIT A
PAGE 9

©COPY

1  M. KIRBY C. WILCOX (SB# 078576)
   kirbywilcox@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
4  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
5
6  GEORGE W. ABELE (SB# 149846)
   georgeabele@paulhastings.com
7  JENNIFER S. BALDOCCHI (SB# 168945)
   jenniferbaldocchi@paulhastings.com
8  CAROLINE L. ELKIN (SB# 209156)
   carolineelkin@paulhastings.com
9  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
10 Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
11 Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
12
   Attorneys for Defendant
13 UNITED PARCEL SERVICE, INC.

14        SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              COUNTY OF SAN DIEGO  **BY FAX**

16

17 STEVE MORRISON,                CASE NO. 37-2008-00088895-CU-OE-
                                  CTL
18              Plaintiff,
                                  **ANSWER TO PLAINTIFF'S**
19        vs.                     **UNVERIFIED COMPLAINT**

20 UNITED PARCEL SERVICE, INC.,
   and DOES 1 through 25, inclusive,
21                                Date of Filing:  August 1, 2008
                Defendants.
22

23

24

25

26

27

28

LEGAL_US_W # 59799583.2

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  TO PLAINTIFF STEVE MORRISON AND TO PLAINTIFF'S ATTORNEYS OF

2  RECORD, JOHN A. FURUTANI, ESQ., MARK C. PETERS, ESQ., AND THE LAW

3  OFFICES OF FURUTANI & PETERS, LLP AND DUCKWORTH, PETERS,

4  LEBOWITZ LLP:

5

6      Defendant United Parcel Service, Inc. ("UPS"), answers the unverified complaint

7  ("Complaint") and each of its purported causes of action ("Complaint") of plaintiff

8  Steve Morrison as follows:

9

10                    **GENERAL DENIAL**

11      1.    Pursuant to section 431.30(d) of the California Code of Civil Procedure,

12  UPS denies, generally and specifically, each and every material allegation in the

13  Complaint.

14      2.    UPS further denies, generally and specifically, that plaintiff has been or will

15  be damaged in any sum, or at all, by reason of any act or omission on the part of UPS, or

16  any of their past or present agents, representatives or employees, and denies further that

17  plaintiff is entitled to the relief that she seeks or any relief.

18

19                    **ADDITIONAL DEFENSES**

20      In addition to its general denial and without admitting any facts alleged by plaintiff,

21  UPS also raises the following defenses to the Complaint:

22

23      1.    The Complaint fails to allege facts constituting a cause of action.

24      2.    Plaintiff is estopped from pursuing the Complaint, and each of its causes of

25  action, by reason of plaintiff's own actions and course of conduct.

26      3.    The Complaint and each of its causes of action are barred by the doctrine of

27  laches.

28

LEGAL_US_W # 59799583.2                    -1-

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   4. The Complaint, and each of its causes of action are barred by the doctrine of

2 unclean hands.

3   5. Plaintiff has waived the right, if any, to pursue the Complaint, and each of

4 its causes of action, by reason of plaintiff's own actions and course of conduct.

5   6. The Complaint and each of its causes of action are barred by the doctrines of

6 *res judicata* and/or collateral estoppel.

7   7. The Complaint and each of its causes of action are barred by the doctrine of

8 judicial estoppel.

9   8. The Complaint and each of its causes of action are barred by the doctrine of

10 avoidable consequences.

11   9. The Complaint and each of its causes of action are barred by the doctrine of

12 accord and satisfaction.

13   10. The Complaint and each of its causes of action are barred in whole or in part

14 because at all times relevant to the Complaint, UPS had an honest, good-faith belief that

15 all decisions with respect to plaintiff's employment were made by UPS solely for

16 legitimate, business-related reasons and were reasonably based upon the facts as UPS

17 understood them.

18   11. The Complaint and each of its causes of action are barred because any loss,

19 injury, damage or detriment as alleged in the Complaint resulted from plaintiff's own acts

20 or omissions and was not due to any act or omission of UPS.

21   12. The Complaint and each of its causes of action are barred because any

22 recovery from UPS would result in plaintiff's unjust enrichment.

23   13. Plaintiff has failed to mitigate or reasonably attempt to mitigate plaintiff's

24 damages, if any, as required by law.

25   14. The Complaint and each of its causes of action are barred in whole or in part

26 by all applicable statutes of limitation, including but not limited to, California Code of

27 Civil Procedure sections 338, 340(a) and California Business and Professions Code

28 section 17208.

LEGAL_US_W # 59799583.2   -2-

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1      15.   Plaintiff has failed to exhaust plaintiff's administrative remedies under the

2  Labor Code Private Attorneys General Act ("PAGA") and therefore is not entitled to

3  relief under the Act.

4      16.   The Complaint and each of its causes of action are barred, in whole or in

5  part, because, at all times material to the Complaint, plaintiff was properly classified as

6  exempt from overtime and related wage-and-hour laws, including but not necessarily

7  limited to Industrial Welfare Commission Wage ("IWC") Order 9-2001 §§ (1)(A)(1)

8  (executive exemption) and (1)(A)(2) (administrative exemption), and the Motor Carrier

9  Act exemption, 29 U.S.C. § 213(b)(1), IWC Wage Order 9-2001 § 3(L)(1).

10     17.   The Complaint and each of its causes of action are barred because if plaintiff

11  performed plaintiff's job duties at UPS as plaintiff alleges, then plaintiff failed to perform

12  those duties which UPS realistically expected plaintiff to perform and otherwise

13  misperformed plaintiff's duties, and, therefore, under *Ramirez v. Yosemite Water Co.,*

14  *Inc.*, 20 Cal. 4th 785, 978 P.2d 2, 85 Cal. Rptr. 2d 844 (1999), plaintiff cannot support a

15  claim for misclassification as exempt.

16     18.   The Complaint and each of its causes of action are barred in whole or in part

17  because some or all of the disputed time for which plaintiff seeks recovery of wages

18  purportedly owed is not compensable pursuant to the *de minimis* doctrine.

19     19.   The Complaint and each of its causes of action are barred by one or more

20  releases of claims signed by plaintiff.

21     20.   Plaintiff's second cause of action for failure to provide meal and rest breaks

22  under California Labor Code sections 226.7 and 512 is barred because UPS provided meal

23  breaks and plaintiff freely waived any and all meal or rest breaks that plaintiff did not

24  take.

25     21.   Plaintiff's second cause of action for failure to provide meal and rest breaks

26  under California Labor Code sections 226.7 and 512 is barred because UPS authorized

27  and permitted rest breaks and plaintiff freely waived any and all meal or rest breaks that

28  plaintiff did not take.

LEGAL_US_W # 59799583.2          -3-

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

22.    Plaintiff's third cause of action under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff cannot show an injury to competition, as distinguished from injury to plaintiff, which such injury UPS denies.

23.    Plaintiff's third cause of action under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff cannot show a deception upon the public.

24.    Plaintiff's third cause of action is barred because plaintiff, as a private litigant, lacks standing to bring a cause of action for damages under California Business and Professions Code section 17203.

25.    California Business and Professions Code section 17200 *et seq.*, as stated and as sought to be applied by plaintiff in plaintiff's third cause of action, violate UPS's rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

26.    Plaintiff's third cause of action under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff is not seeking recovery of a quantifiable sum owed by UPS to plaintiff.

27.    Plaintiff's third cause of action under California Business and Professions Code section 17200 *et seq.* is barred, in whole or in part, because the remedy under the California Business and Professions Code for such actions is limited to restitution and injunctive relief.

28.    Any claim for pre-2004 penalties under PAGA is barred on the ground that the Act may not be given retroactive application.

29.    UPS did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather acted in the good-faith and reasonable belief that it did not violate the compensation provisions of the California Labor Code or the applicable wage order.

LEGAL_US_W # 59799583.2         -4-

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

30.     There is a good-faith dispute as to UPS's obligation to pay any wages that may be found to be due.

31.     Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because California's laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive damages, and because any award of punitive damages in this action would violate Defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by reason of Plaintiff's Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2.     That Defendant be awarded its reasonable costs and attorneys' fees; and

3.     That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  September 2, 2008          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:  _____
          JENNIFER S. BALDOCCHI

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

LEGAL_US_W # 59799583.2          -5-

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B
PAGE 15

1                              **PROOF OF SERVICE**

2   STATE OF CALIFORNIA                        )

                                            ) ss:

3   CITY AND COUNTY OF LOS ANGELES    )

4         I am employed in the City and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is

5   Nationwide, 316 West 2nd Street, Suite 705, Los Angeles, CA 90012.

6         On September 3, 2008, I served the foregoing document(s) described as:

7   **ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8   on the interested parties by placing a copy thereof in a sealed envelope(s) addressed as follows:

9

10                       John A. Furutani, Esq.

                        Mark C. Peters, Esq.

11            Law Offices of Furutani & Peters, LLP

             350 W. Colorado Blvd., Suite 200

12                   Pasadena, CA 91105

13   ☐     VIA OVERNIGHT MAIL:

VIA United Parcel Service: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package

14         designated by the express service courier addressed to the person(s) on whom it is to be served.

15

16   ☐     VIA U.S. MAIL:

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s)

17         would be deposited with the U.S. postal service on _____ with postage thereon fully prepaid, at Los Angeles, California.

18

19   ☒     VIA PERSONAL DELIVERY:

I personally delivered such sealed envelope(s) by hand to the addressee(s) pursuant to CCP § 1011.

20

21         I declare under penalty of perjury under the laws of the United States that the above is true and correct.

22

        Executed on September 3, 2008, at Los Angeles, California.

23

24   _Rudy Elizonde_

25   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

           Print Name                               Signature

26

27

28

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**EXHIBIT B**
**PAGE 16**

**EXHIBIT C**

1 M. KIRBY C. WILCOX (SB# 078576)
kirbywilcox@paulhastings.com
2 PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
3 Twenty-Fourth Floor
San Francisco, CA  94105-3441
4 Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
5

6 GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
7 JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
8 CAROLINE L. ELKIN (SB# 209156)
carolineelkin@paulhastings.com
9 PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
10 Twenty-Fifth Floor
Los Angeles, CA  90071-2228
11 Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
12

13 Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

14

15 SUPERIOR COURT OF THE STATE OF CALIFORNIA

16 COUNTY OF SAN DIEGO

17

18 STEVE MORRISON,                              Case No.:  37-2008-00088895-CU-OE-CTL

19              Plaintiff,

20      vs.                                     **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT UNITED PARCEL SERVICE, INC.**

21 UNITED PARCEL SERVICE, INC.,
and DOES 1 through 25, inclusive,

22

23              Defendants.

24

25

26

27

28

LEGAL_US_W # 59877108.1

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1  TO PLAINTIFF STEVE MORRISON, AND TO PLAINTIFF'S ATTORNEYS OF

2  RECORD, JOHN A. FURUTANI, ESQ., MARK C. PETERS, ESQ., AND THE

3  LAW OFFICES OF FURUTANI & PETERS, LLP AND DUCKWORTH,

4  PETERS, LEBOWITZ LLP:

5

6         PLEASE TAKE NOTICE THAT a Notice of Removal of this action

7  was filed in the United States District Court for the Southern District of California

8  on September 5, 2008.  A copy of the Notice of Removal is attached to this Notice

9  as Exhibit "A," and is served and filed herewith.  Copies of the Civil Case

10 Coversheet and Corporate Disclosure Statement filed with the Notice of Removal

11 are attached hereto as Exhibits "B" and "C."

12

13 Dated:  September 5, 2008    PAUL, HASTINGS, JANOFSKY & WALKER LLP

14

15                         By:_____

16                                 CAROLINE L. ELKIN

17                         Attorneys for Defendant
                           UNITED PARCEL SERVICE, INC.

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1   M. KIRBY C. WILCOX (SB# 078576)
    kirbywilcox@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
4   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
5

6   GEORGE W. ABELE (SB# 149846)
    georgeabele@paulhastings.com
7   JENNIFER S. BALDOCCHI (SB# 168945)
    jenniferbaldocchi@paulhastings.com
8   CAROLINE L. ELKIN (SB# 209156)
    carolineelkin@paulhastings.com
9   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
10  Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
11  Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
12
    Attorneys for Defendant
13  UNITED PARCEL SERVICE, INC.

14                  UNITED STATES DISTRICT COURT

15                SOUTHERN DISTRICT OF CALIFORNIA

16

17

18  STEVE MORRISON,                    |  Case No. _____

19          Plaintiff,                 |  **NOTICE OF REMOVAL OF CIVIL
                                        |  ACTION**
20      vs.                            |
                                        |  San Diego Superior Court Case
21  UNITED PARCEL SERVICE, INC.,        |  No. 37-2008-00088895-CU-OE-CTL
22  and DOES 1 through 25, inclusive,   |
23          Defendants.                 |

24

25

26

27

28

                                    NOTICE OF REMOVAL OF CIVIL ACTION

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF

3  STEVE MORRISON, AND TO PLAINTIFF'S ATTORNEYS OF RECORD,

4  JOHN A. FURUTANI, ESQ., MARK C. PETERS, ESQ., AND THE LAW

5  OFFICES OF FURUTANI & PETERS, LLP AND DUCKWORTH, PETERS,

6  LEBOWITZ LLP:

7

8        PLEASE TAKE NOTICE THAT Defendant United Parcel Service,

9  Inc. ("Defendant" or "UPS") hereby removes this action from the Superior Court of

10  the State California for the County of San Diego to the United States District Court

11  for the Southern District of California.  This removal is based on diversity of

12  citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), for the

13  reasons stated below:

14

15        1.    On or about August 1, 2008, plaintiff Steve Morrison

16  ("Plaintiff") filed a Complaint in the Superior Court of the State of California for

17  the County of San Diego entitled:  *"Steve Morrison v. United Parcel Service, Inc.*

18  *and Does 1 through 25, inclusive,"* designated as Case No. 37-2008-00088895-CU-

19  OE-CTL (the "Action").  The Complaint alleges the following purported causes of

20  action:  (1) failure to pay overtime compensation; (2) failure to provide meal and

21  rest breaks; and (3) unfair competition.  A copy of the Complaint is attached as

22  Exhibit "A" to the Declaration of Jennifer S. Baldocchi ("Baldocchi Dec."), filed

23  with these removal papers.  The allegations of the Complaint are incorporated into

24  this notice by reference without necessarily admitting the truth of any of them.

25

26        2.    On August 7, 2008, UPS was served with process in the Action.

27  Baldocchi Dec. ¶ 3.  Defendants Does 1 through 25 are unnamed and unknown,

28  and, therefore, have not been served with the Complaint.  Complaint ¶ 3.

NOTICE OF REMOVAL OF CIVIL ACTION

**EXHIBIT C
PAGE 20**

1         3.    On September 3, 2008, UPS filed its Answer to the Complaint in

2  the Superior Court.  Baldocchi Dec. ¶ 5, Exh. B.

3

4         4.    This Notice of Removal is being filed within thirty (30) days

5  after receipt by UPS of a copy of the initial pleading setting forth the claim for

6  relief upon which this Action is based, and is timely filed pursuant to 28 U.S.C.

7  section 1446(b).

8

9

10        5.    In accordance with 28 U.S.C. section 1446(d), UPS will,

11  promptly after filing the Notice of Removal, give written notice of the removal to

12  the adverse party and will file a copy of this Notice of Removal with the Clerk of

13  the Court of the Superior Court of the State of California for the County of San

14  Diego.  Copies of these Notices are attached as Exhibits C and D, respectively, to

15  the Baldocchi Declaration.  Proof of service of the Notice to Superior Court of

16  Removal to Federal Court and of the Notice to Adverse Party of Removal to

17  Federal Court will be filed with this Court immediately after the Superior Court

18  filing is accomplished.  Baldocchi Dec. ¶ 6.

19

20

21        **REMOVAL IS BASED UPON DIVERSITY JURISDICTION**

22

23        6.    The Complaint and each alleged cause of action contained

24  therein, properly may be removed on the basis of diversity of citizenship

25  jurisdiction, in that it is a civil action between citizens of different states and the

26  matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

27  28 U.S.C. §§ 1332 and 1441.

28

-2-      NOTICE OF REMOVAL OF CIVIL ACTION

1          7.     Plaintiff's Complaint alleges that Plaintiff was and is a citizen of

2    the State of California.  Complaint ¶ 1.

3

4          8.     UPS now is, and was at the time this action was commenced, a

5    citizen of the State of Ohio and the State of Georgia within the meaning of 28

6    U.S.C. § 1332(c)(1), because it is now, and was at the time this action was

7    commenced, incorporated under the laws of the State of Ohio, and its principal

8    place of business was and is in the State of Georgia.  Declaration of Ryan Swift

9    ¶¶ 2, 3.

10

11         9.     The presence of Doe defendants in this case has no bearing on

12    diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of

13    removal under this chapter, the citizenship of defendants sued under fictitious

14    names shall be disregarded.").

15

16

17         10.    The amount in controversy in this Action exceeds $75,000.

18    Plaintiff's failure to specify in the Complaint the total amount of damages Plaintiff

19    seeks does not deprive this Court of jurisdiction.  *See White v. J.C. Penney Life Ins.*

20    *Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to

21    federal court notwithstanding the failure of plaintiff to plead a specific dollar

22    amount in controversy; if the rules were otherwise, "any plaintiff could avoid

23    removal simply by declining . . . to place a specific dollar value upon its claim").  In

24    determining whether a complaint meets the $75,000 threshold of 28 U.S.C. Section

25    1332(a), a court may consider the aggregate value of claims for compensatory and

26    punitive damages, as well as attorneys' fees.  *See, e.g., Bell v. Preferred Life*

27    *Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive

28    damages are recoverable under a complaint, each must be considered to the extent

-3-    NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT C
PAGE 22

1  claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v.*

2  *CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982) (attorneys' fees may be taken

3  into account to determine jurisdictional amount).

4

5

6         11.    UPS is informed and believes, and on that basis alleges without

7  admitting, that the amount in controversy in this Action exceeds $75,000, exclusive

8  of interest and costs, on the following grounds:  On August 6, 2008, counsel for

9  UPS sent Plaintiff's counsel a letter asking whether Plaintiff would stipulate that

10 the amount in controversy does not exceed $75,000.  Baldocchi Dec. ¶ 7, Exh. E.

11 In response, Plaintiff's counsel sent a letter to defense counsel representing that the

12 amount in controversy exceeds $75,000.  Baldocchi Dec. ¶ 8, Exh. F.  UPS does not

13 admit that it failed to pay any wages or monies owed to Plaintiff; in fact, UPS

14 denies that it is liable to Plaintiff in any amount.

15

16         12.    Because Plaintiff and UPS are citizens of different states, and

17 because the Court may disregard the citizenship of Doe defendants, there is

18 complete diversity between the parties.  Furthermore, since there is complete

19 diversity and since the amount in controversy threshold is met, the requirements for

20 removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.  Therefore, the Court

21 has original jurisdiction over the Complaint, and each alleged cause of action

22 contained therein, under 28 U.S.C. § 1332.  The Complaint may be removed to this

23 Court pursuant to the provisions of 28 U.S.C. § 1441.

24

25

26

27

28

1    WHEREFORE, pursuant to the provisions of Title 28, Sections 1332

2  and 1441, UPS removes the above action to this Court.

3

4

5

6  Dated: September 4, 2008    PAUL, HASTINGS, JANOFSKY & WALKER LLP

7    By: _____
                    CAROLINE L. ELKIN
8
    Attorneys for Defendant UNITED PARCEL
9   SERVICE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 59872821.1

EXHIBIT C
PAGE 24

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>STEVE MORRISON | **DEFENDANTS**<br>UNITED PARCEL SERVICE, INC., AND DOES 1 TO 25 |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>SAN DIEGO | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>State of Ohio (Incorporation); and Georgia (Principal Place of Business) |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>John A. Furutani, FURUTANI & PETERS, LLP<br>350 W. Colorado Bl., Suite 200, Pasadena, CA 91105<br><br>Mark C. Peters, DUCKWORTH, PETERS, LEBOWITZ LLP<br>235 Montgomery St., Suite 1010, San Francisco, CA 94104 | Attorneys (If Known)<br>PAUL HASTINGS JANOFSKY & WALKER LLP<br>M. Kirby C. Wilcox (SB# 078576), 55 Second Street, 24th Floor,<br>San Francisco, CA 94105-3441<br>George W. Abele (SB# 149846), Jennifer S. Baldocchi (SB# 168945),<br>Caroline L. Elkin (SB# 209156)<br>515 S. Flower Street, 25th Floor, Los Angeles, CA 90071 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) failure to pay overtime compensation; (2) failure to provide meal and rest breaks; and (3) unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

**EXHIBIT C**
**PAGE 25**

| | | |
|---|---|---|
| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |

LEGAL_US_W # 59877213.1      American LegalNet, Inc.<br>www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No   ☒ Yes

If yes, list case number(s): CV03-4336 DDP (RZx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
San Diego

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Defendant United Parcel Service, Inc. is a citizen of the State of Ohio and the State of Georgia.

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
San Diego

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Cahn El..._   Date _9/4/08_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

---

LEGAL_US_W # 59877213.1

American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT C**
**PAGE 26**

**EXHIBIT  C**

1   M. KIRBY C. WILCOX (SB# 078576)
    kirbywilcox@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA 94105-3441
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5

6   GEORGE W. ABELE (SB# 149846)
    georgeabele@paulhastings.com
7   JENNIFER S. BALDOCCHI (SB# 168945)
    jenniferbaldocchi@paulhastings.com
8   CAROLINE L. ELKIN (SB# 209156)
    carolineelkin@paulhastings.com
9   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
10  Twenty-Fifth Floor
    Los Angeles, CA 90071-2228
11  Telephone: (213) 683-6000
    Facsimile: (213) 627-0705
12

13  Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.

14

15                  UNITED STATES DISTRICT COURT

16                  SOUTHERN DISTRICT OF CALIFORNIA

17

18

    STEVE MORRISON,                    Case No. _____
19
                    Plaintiff,         **DEFENDANT UNITED PARCEL**
20                                      **SERVICE, INC.'S CORPORATE**
            vs.                         **DISCLOSURE STATEMENT**
21                                      **PURSUANT TO FEDERAL RULE**
    UNITED PARCEL SERVICE, INC.,        **OF CIVIL PROCEDURE 7.1**
22  and DOES 1 through 25, inclusive,

23                  Defendants.

24

25

26

27

28

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2    COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF

3    STEVE MORRISON, AND TO PLAINTIFF'S ATTORNEYS OF RECORD,

4    JOHN A. FURUTANI, ESQ., MARK C. PETERS, ESQ., AND THE LAW

5    OFFICES OF FURUTANI & PETERS, LLP AND DUCKWORTH, PETERS,

6    LEBOWITZ LLP:

7

8            Pursuant to Federal Rules of Civil Procedure Rule 7.1, Defendant

9    United Parcel Service, Inc. provides the following certification:

10

11           United Parcel Service, Inc. (Delaware) issues stock to the public; there

12   are no publicly held companies that own 10% or more of United Parcel Service,

13   Inc.'s stock.  United Parcel Service, Inc. (Delaware) wholly owns United Parcel

14   Service of America, Inc., which wholly owns UPS Worldwide Forwarding, Inc.,

15   which wholly owns United Parcel Service, Inc. (Ohio).  United Parcel Service of

16   America, Inc., UPS Worldwide Forwarding, Inc. and United Parcel Service, Inc.

17   (Ohio) do not issue stock to the public.

18

19   Dated: September 4, 2008  PAUL, HASTINGS, JANOFSKY & WALKER LLP

20

21           By:_____

22                         CAROLINE L. ELKIN

23           Attorneys for Defendant
             UNITED PARCEL SERVICE, INC

24

25

26

27

28

1 | M. KIRBY C. WILCOX (SB# 078576)
kirbywilcox@paulhastings.com
2 | PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
3 | Twenty-Fourth Floor
San Francisco, CA  94105-3441
4 | Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

5

6 | GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
7 | JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
8 | CAROLINE L. ELKIN (SB# 209156)
carolineelkin@paulhastings.com
9 | PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
10 | Twenty-Fifth Floor
Los Angeles, CA  90071-2228
11 | Telephone: (213) 683-6000
Facsimile:  (213) 627-0705

12

13 | Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

14 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

15 | COUNTY OF SAN DIEGO

16

17 | STEVE MORRISON,                          CASE NO. 37-2008-00088895-CU-OE-CTL

18 |              Plaintiff,                  **NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO**

19 |       vs.                               **FEDERAL COURT BY DEFENDANT UNITED PARCEL**

20 | UNITED PARCEL SERVICE, INC.,            **SERVICE, INC.**
and DOES 1 through 25, inclusive,

21

22 |              Defendants.

23

24

25

26

27

28

LEGAL_US_W # 59877120.1

NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT        **EXHIBIT D
PAGE 29**

1    TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

2    CALIFORNIA FOR THE COUNTY OF SAN DIEGO:

3

4            Attached hereto as Exhibit "A" is a true and correct copy of the Notice

5    of Removal of Civil Action to the United States District Court, the original of

6    which was filed with the United States District Court for the Southern District of

7    California on September 5, 2008.

8

9            The filing of said Notice of Removal effects the removal of the above-

10   entitled action from this Court.

11

12   Dated:  September 5, 2008  PAUL, HASTINGS, JANOFSKY & WALKER LLP

13

14                    By: _____

15                            CAROLINE L. ELKIN

16                    Attorneys for Defendant
                     UNITED PARCEL SERVICE, INC.
17

18

19

20

21

22

23

24

25

26

27

28

                                                        **EXHIBIT D**
                                                        **PAGE 30**

LEGAL_US_W # 59877120.1                    -1-

NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

1  M. KIRBY C. WILCOX (SB# 078576)
   kirbywilcox@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA 94105-3441
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5

6  GEORGE W. ABELE (SB# 149846)
   georgeabele@paulhastings.com
7  JENNIFER S. BALDOCCHI (SB# 168945)
   jenniferbaldocchi@paulhastings.com
8  CAROLINE L. ELKIN (SB# 209156)
   carolineelkin@paulhastings.com
9  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
10 Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
11 Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
12

   Attorneys for Defendant
13 UNITED PARCEL SERVICE, INC.

14                 UNITED STATES DISTRICT COURT

15              SOUTHERN DISTRICT OF CALIFORNIA

16

17

18 STEVE MORRISON,                    | Case No. _____

19           Plaintiff,               | **NOTICE OF REMOVAL OF CIVIL
                                       | ACTION**
20      vs.                           |
                                       | San Diego Superior Court Case
21 UNITED PARCEL SERVICE, INC.,        | No. 37-2008-00088895-CU-OE-CTL
22 and DOES 1 through 25, inclusive,   |
23           Defendants.              |

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 59872821.1

EXHIBIT D
PAGE 31

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2    COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF

3    STEVE MORRISON, AND TO PLAINTIFF'S ATTORNEYS OF RECORD,

4    JOHN A. FURUTANI, ESQ., MARK C. PETERS, ESQ., AND THE LAW

5    OFFICES OF FURUTANI & PETERS, LLP AND DUCKWORTH, PETERS,

6    LEBOWITZ LLP:

7

8            PLEASE TAKE NOTICE THAT Defendant United Parcel Service,

9    Inc. ("Defendant" or "UPS") hereby removes this action from the Superior Court of

10   the State California for the County of San Diego to the United States District Court

11   for the Southern District of California. This removal is based on diversity of

12   citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), for the

13   reasons stated below:

14

15           1.     On or about August 1, 2008, plaintiff Steve Morrison

16   ("Plaintiff") filed a Complaint in the Superior Court of the State of California for

17   the County of San Diego entitled: *Steve Morrison v. United Parcel Service, Inc.*

18   *and Does 1 through 25, inclusive,*" designated as Case No. 37-2008-00088895-CU-

19   OE-CTL (the "Action"). The Complaint alleges the following purported causes of

20   action: (1) failure to pay overtime compensation; (2) failure to provide meal and

21   rest breaks; and (3) unfair competition. A copy of the Complaint is attached as

22   Exhibit "A" to the Declaration of Jennifer S. Baldocchi ("Baldocchi Dec."), filed

23   with these removal papers. The allegations of the Complaint are incorporated into

24   this notice by reference without necessarily admitting the truth of any of them.

25

26           2.     On August 7, 2008, UPS was served with process in the Action.

27   Baldocchi Dec. ¶ 3. Defendants Does 1 through 25 are unnamed and unknown,

28   and, therefore, have not been served with the Complaint. Complaint ¶ 3.

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 59872821.1

**EXHIBIT D**
**PAGE 32**

1         3.     On September 3, 2008, UPS filed its Answer to the Complaint in

2 the Superior Court. Baldocchi Dec. ¶ 5, Exh. B.

3

4         4.     This Notice of Removal is being filed within thirty (30) days

5 after receipt by UPS of a copy of the initial pleading setting forth the claim for

6 relief upon which this Action is based, and is timely filed pursuant to 28 U.S.C.

7 section 1446(b).

8

9

10         5.     In accordance with 28 U.S.C. section 1446(d), UPS will,

11 promptly after filing the Notice of Removal, give written notice of the removal to

12 the adverse party and will file a copy of this Notice of Removal with the Clerk of

13 the Court of the Superior Court of the State of California for the County of San

14 Diego. Copies of these Notices are attached as Exhibits C and D, respectively, to

15 the Baldocchi Declaration. Proof of service of the Notice to Superior Court of

16 Removal to Federal Court and of the Notice to Adverse Party of Removal to

17 Federal Court will be filed with this Court immediately after the Superior Court

18 filing is accomplished. Baldocchi Dec. ¶ 6.

19

20

21         **REMOVAL IS BASED UPON DIVERSITY JURISDICTION**

22

23         6.     The Complaint and each alleged cause of action contained

24 therein, properly may be removed on the basis of diversity of citizenship

25 jurisdiction, in that it is a civil action between citizens of different states and the

26 matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

27 28 U.S.C. §§ 1332 and 1441.

28

-2-     NOTICE OF REMOVAL OF CIVIL ACTION

1        7.    Plaintiff's Complaint alleges that Plaintiff was and is a citizen of

2 the State of California. Complaint ¶ 1.

3

4        8.    UPS now is, and was at the time this action was commenced, a

5 citizen of the State of Ohio and the State of Georgia within the meaning of 28

6 U.S.C. § 1332(c)(1), because it is now, and was at the time this action was

7 commenced, incorporated under the laws of the State of Ohio, and its principal

8 place of business was and is in the State of Georgia. Declaration of Ryan Swift

9 ¶¶ 2, 3.

10

11        9.    The presence of Doe defendants in this case has no bearing on

12 diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of

13 removal under this chapter, the citizenship of defendants sued under fictitious

14 names shall be disregarded.").

15

16

17       10.   The amount in controversy in this Action exceeds $75,000.

18 Plaintiff's failure to specify in the Complaint the total amount of damages Plaintiff

19 seeks does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins.*

20 *Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to

21 federal court notwithstanding the failure of plaintiff to plead a specific dollar

22 amount in controversy; if the rules were otherwise, "any plaintiff could avoid

23 removal simply by declining . . . to place a specific dollar value upon its claim"). In

24 determining whether a complaint meets the $75,000 threshold of 28 U.S.C. Section

25 1332(a), a court may consider the aggregate value of claims for compensatory and

26 punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life*

27 *Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive

28 damages are recoverable under a complaint, each must be considered to the extent

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 59872821.1

1    claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v.*

2    *CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982) (attorneys' fees may be taken

3    into account to determine jurisdictional amount).

4

5

6        11.    UPS is informed and believes, and on that basis alleges without

7    admitting, that the amount in controversy in this Action exceeds $75,000, exclusive

8    of interest and costs, on the following grounds:  On August 6, 2008, counsel for

9    UPS sent Plaintiff's counsel a letter asking whether Plaintiff would stipulate that

10   the amount in controversy does not exceed $75,000.  Baldocchi Dec. ¶ 7, Exh. E.

11   In response, Plaintiff's counsel sent a letter to defense counsel representing that the

12   amount in controversy exceeds $75,000.  Baldocchi Dec. ¶ 8, Exh. F.  UPS does not

13   admit that it failed to pay any wages or monies owed to Plaintiff; in fact, UPS

14   denies that it is liable to Plaintiff in any amount.

15

16       12.    Because Plaintiff and UPS are citizens of different states, and

17   because the Court may disregard the citizenship of Doe defendants, there is

18   complete diversity between the parties.  Furthermore, since there is complete

19   diversity and since the amount in controversy threshold is met, the requirements for

20   removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.  Therefore, the Court

21   has original jurisdiction over the Complaint, and each alleged cause of action

22   contained therein, under 28 U.S.C. § 1332.  The Complaint may be removed to this

23   Court pursuant to the provisions of 28 U.S.C. § 1441.

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 59872821.1

EXHIBIT D
PAGE 35

1          WHEREFORE, pursuant to the provisions of Title 28, Sections 1332

2    and 1441, UPS removes the above action to this Court.

3

4

5

6    Dated: September 4, 2008     PAUL, HASTINGS, JANOFSKY & WALKER LLP

7                                 By:_____
                                        CAROLINE L. ELKIN
8
                                  Attorneys for Defendant UNITED PARCEL
9                                 SERVICE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-                                    NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT E

**Paul***Hastings*

Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
telephone 415-856-7000 • facsimile 415-856-7100 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(415) 856-7002
kirbywilcox@paulhastings.com

August 6, 2008                                                                                     26643

**VIA FACSIMILE AND UPS OVERNIGHT**

John A. Furutani, Esq.
Furutani & Peters, LLP
350 W. Colorado Boulevard, Suite 200
Pasadena, CA  91105

Mark C. Peters, Esq.
Duckworth Peters Lebowitz LLP
235 Montgomery Street, Suite 1010
San Francisco, CA  94104

Re:    Steve Morrison v. United Parcel Service, Inc.
       San Diego Superior Court No. 37-2008-00088895-CU-OE-CTL

Dear John and Mark:

Our law firm represents the defendant, United Parcel Service, Inc., in the above-referenced matter.  Upon service, we intend to remove this case to federal court, as the allegations in the complaint appear to meet the amount in controversy requirement for removal.  However, please let me know by August 13, 2008 if you are willing to stipulate that your client's damages in this matter do **not** exceed $75,000.

Very truly yours,

M. Kirby C. Wilcox
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

MKCW:jg

LEGAL_US_W # 59653857.1

**EXHIBIT E
PAGE 37**



Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
telephone 415-856-7000 • facsimile 415-856-7100 • www.paulhastings.com

### FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| John A. Furutani | Furutani & Peters, LLP | (626) 844-2442 | (626) 844-2437 |
| Mark C. Peters | Duckwork Peters | (415) 449-6556 | (415) 433-0333 |
| | Lebowitz LLP | | |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| M. Kirby C. Wilcox | (415) 856-7100 | (415) 856-7002 | KCW |

| client name: | United Parcel Service | client matter number: | 26643 |
|---|---|---|---|
| date: | August 8, 2008 | pages (with cover): | 12 |

comments:

**If you do not receive all pages, please call immediately Facsimile Center: (415) 856-7405**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

LEGAL_US_W # 59662352.1

**EXHIBIT E
PAGE 38**

08/08/2008 15:20 FAX 1415856    PAUL HASTINGS    ☑001

```
         ********************************
    ***   MULTI TX/RX REPORT   ***
         ********************************

TX/RX NO           2491
PGS.               12
TX/RX INCOMPLETE   -----

TRANSACTION OK
              (1)   292*16268442442
              (2)   292*14154496556

ERROR INFORMATION      -----
```

# Paul*Hastings*

Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
telephone 415-856-7000 • facsimile 415-856-7100 • www.paulhastings.com

## *FACSIMILE TRANSMISSION*

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| John A. Furutani | Furutani & Peters, LLP | (626) 844-2442 | (626) 844-2437 |
| Mark C. Peters | Duckwork Peters | (415) 449-6556 | (415) 433-0333 |
| | Lebowitz LLP | | |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| M. Kirby C. Wilcox | (415) 856-7100 | (415) 856-7002 | KCW |

| client name: | United Parcel Service | client matter number: | 26643 |
|---|---|---|---|
| date: | August 8, 2008 | pages (with cover): | 12 |

comments:

**Ivory-Clay, Tanya**

| | |
|---|---|
| **From:** | UPS Quantum View [auto-notify@ups.com] |
| **Sent:** | Thursday, August 07, 2008 10:13 AM |
| **To:** | Gogna, Janet M. |
| **Subject:** | UPS Delivery Notification, Tracking Number 1Z9302EXA292979059 |



***Do not reply to this e-mail. UPS and PSShip will not receive your reply.**

**At the request of PSShip, this notice alerts you that the shipment listed below has been delivered.**

**Important Delivery Information**

**Adult Signature Captured**

**Delivery Date / Time:** 07-August-2008 / 9:23 AM
**Delivery Location:** FRONT DESK
**Signed by:** ALLEN

**Shipment Detail**

**Ship To:**
John Furutani
Furutani & Peters, LLP
350 W COLORADO BLVD
ROOM 200
PASADENA
CA
91105
US

| | |
|---|---|
| **UPS Service:** | NEXT DAY AIR |
| **Shipment Type:** | Letter |

**Tracking Number:** <u>1Z9302EXA292979059</u>
**Reference Number 1:** 26643.00119,
**Reference Number 2:** sec_jmg Gogna, Janet

____2II2II2U8KpX@-mwYvKbLEiMgHYugvywbBvU6Ke____

Discover more about UPS:
Visit www.ups.com

**EXHIBIT E
PAGE 40**

8/29/2008



<u>Sign Up For Additional E-Mail From UPS</u>
<u>Read Compass Online</u>

© 2008 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of
United Parcel Service of America, Inc. All rights reserved.
For more information on UPS's privacy practices, refer to the UPS Privacy Policy.
Please do not reply directly to this e-mail. UPS will not receive any reply message.
For questions or comments, visit Contact UPS.

This communication contains proprietary information and may be confidential.  If you are not the intended recipient,
the reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed
to please delete this e-mail immediately.
<u>Privacy Policy</u>
<u>Contact UPS</u>

**EXHIBIT E**
**PAGE 41**

**Ivory-Clay, Tanya**

**From:**     UPS Quantum View [auto-notify@ups.com]
**Sent:**     Thursday, August 07, 2008 10:14 AM
**To:**       Gogna, Janet M.
**Subject:**  UPS Delivery Notification, Tracking Number 1Z9302EXA291133848



***Do not reply to this e-mail. UPS and PSShip will not receive your reply.**

**At the request of PSShip, this notice alerts you that the shipment listed below has been delivered.**

**Important Delivery Information**

**Adult Signature Captured**

**Delivery Date / Time:** 07-August-2008 / 9:41 AM
**Delivery Location:** RECEPTION
**Signed by:** KING

**Shipment Detail**

**Ship To:**
Mark Peters
Duckwork Peters Lebowitz LLP
235 MONTGOMERY ST
ROOM 1010
SAN FRANCISCO
CA
94104
US

**UPS Service:**        NEXT DAY AIR
**Shipment Type:**      Letter

**Tracking Number:**    1Z9302EXA291133848
**Reference Number 1:** 26643.00119,
**Reference Number 2:** sec_jmg Gogna, Janet

_____2II2II2F80Xfe.qQbJ01OsEFtxbKtJNQ1yJ8T0S_____

Discover more about UPS:
Visit www.ups.com

**EXHIBIT E
PAGE 42**



<u>Sign Up For Additional E-Mail From UPS</u>
<u>Read Compass Online</u>

© 2008 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of
United Parcel Service of America, Inc. All rights reserved.
For more information on UPS's privacy practices, refer to the UPS Privacy Policy.
Please do not reply directly to this e-mail. UPS will not receive any reply message.
For questions or comments, visit Contact UPS.

This communication contains proprietary information and may be confidential.  If you are not the intended recipient,
the reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed
to please delete this e-mail immediately.
<u>Privacy Policy</u>
<u>Contact UPS</u>

**EXHIBIT E**
**PAGE 43**

**EXHIBIT F**

# FURUTANI & PETERS, LLP

350 W. Colorado Boulevard
Suite 200
Pasadena, California 91105
(626) 844-2437 (p)
(626) 844-2442 (f)

August 8, 2008

*Via Fax Only*

M. Kirby C. Wilcox, Esq.
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, CA 94105-3441

Re:    Individual Overtime Lawsuits v. UPS

Dear Kirby:

Pursuant to our conversation this afternoon and in response to your letter regarding the amounts in controversy for each individual lawsuit, this shall confirm that all of the individual lawsuits which my firm has filed against United Parcel Service, Inc. have amounts in controversy in excess of $75,000.

If you have any questions, please call me at (626) 817-5060.

Very truly yours,

FURUTANI & PETERS, LLP

John A. Furutani

EXHIBIT F
PEGE 44

# FURUTANI & PETERS, LLP

## 350 W. COLORADO BLVD.

### SUITE 200

#### PASADENA, CA 91105

(626) 844-2437

FAX (626) 844-2442

---

### FACSIMILE TRANSMITTAL SHEET

| TO: M. Kirby C. Wilcox, Esq. | FROM: John A. Furutani |
|---|---|
| COMPANY: Paul Hastings | DATE: 8/8/2008 |
| FAX NUMBER: (415) 856-7100 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: (415) 856-7000 | SENDER'S REFERENCE NUMBER: |
| RE: Individual lawsuits v. UPS | YOUR REFERENCE NUMBER: 26643 |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

This transmission is confidential and intended solely for the use of the individual or entity to whom it is addressed. Any distribution, copying or dissemination of any information contained herein is strictly prohibited as against any non-intended recipient. If you have received this transmission in error, please notify us immediately and return the original via U.S. mail, for which you shall be reimbursed.

---

EXHIBIT F
PEGE5 45